Per Curiam.
There was sufficient evidence tending to establish the alleged marriage to require that question to be sent to the jury. In respect to the advances made by the plaintiff to the wife of the defendant, assuming her to have been his wife, there was evidence tending to show that some portion of such advances was made for the purpose of procuring necessaries of food and clothing.
It is a question of fact for the jury to determine whether or not such advances were made because of the wife’s necessities, and under such circumstances that the same should be chargeable to the husband. It was not necessary to show that the plaintiff herself made the purchases. If she handed money to the wife for that purpose, that fact is equivalent, we think, to the act of furnishing the necessaries. The jury might well have found on the evidence that some portion at least of the money so advanced was directly applied to the *253 specific object, to wit, the purchase of clothing and of necessaries by the wife.
It was error to take the case from the jury on all the questions involved, and therefore we think a new trial should be ordered.
Judgment reversed, new trial ordered, costs to abide event.